## Commonwealth v. Arntz.

*Embezzlement by employee of bank—Limitations—Unincorporated banking institutions—Word "banks"—Acts of March 31, 1860, June 12, 1878, and April 23, 1909.*

1. An indictment for embezzlement under the Act of April 23, 1909, P. L. 169, against a cashier of an unincorporated association or partnership engaged in a banking business need not be brought within two years.

2. The word "bank," as used in section 77 of the Act of March 31, 1860, P. L. 427, and section 6 of the Act of June 12, 1878, P. L. 196, covers unincorporated as well as incorporated banking companies.

Indictments for embezzlement. Motion to quash indictments. Q. S. Lancaster Co., April Sess., 1923, No. 111.

*Bernard J. Myers,* for motion.

*John M. Groff* and *William C. Rehm,* District Attorney, contra.

LANDIS, P. J.—On Nov. 19, 1923, the grand jury in the above four cases found true bills against the defendant for embezzlement. Indictment No. 15 charges the embezzlement of $200 on or about Jan. 23, 1919. Indictment No. 13 charges the embezzlement of $21.43 on or about March 29, 1920. Indictment No. 12 charges the embezzlement of $15 on April 17, 1920. Indictment No. 14 charges the embezzlement of $100 on or about Dec. 20, 1920. A recitation from indictment No. 14, with the exception of the date and amount, will cover all of them and indicate the ground on which the demurrers are based, and we, therefore, quote as follows:

"That Norman F. Arntz, . . . then and there being the cashier and an employee of the Peoples Bank of Maytown, Pa., an unincorporated association, which received deposits of money, did, on the date aforesaid and at various other times within the last six years past, abstract, embezzle and wilfully misapply One Hundred Dollars ($100.00), which he charged against interest paid, and which amount of interest was not paid, but the said moneys were fraudulently applied to the use of the said Norman F. Arntz. . . . And the Inquisition aforesaid, upon their oaths and affirmations aforesaid, do further present that the said Norman F. Arntz afterwards, to wit, on the same day and year aforesaid, . . . did make on the books of the said Association a false entry, to wit, a credit for One Hundred Dollars ($100.00) interest paid, which interest was not paid, said entry being made with an intent to injure and defraud said Institution and to deceive the officers of said Institution and other persons legally authorized to examine the affairs of said Institution."

If, under the law, the prosecution ought to have been commenced within two years, then the indictments cannot be sustained.

The Act of April 23, 1909, § 1, P. L. 169, provides "that any president, vice-president, cashier, treasurer, secretary, teller, book-keeper, clerk, employee or agent of any mutual savings bank, savings bank, bank of discount and deposit, trust company, title insurance company, surety company, or safe deposit company, incorporated under the laws of this Commonwealth, or of any private bank or unincorporated association, receiving deposits of money, . . . who shall embezzle, abstract or wilfully misapply any of the moneys, funds or credits of any of said institutions, . . . or who shall make any false entry in any book, report or statement of such institution, with intent, in either case, to injure or defraud such institution, or any other company, body politic or corporate, or any individual person, or to deceive any officer of such institution, or any bank examiner or other person legally authorized to exam-

ine the affairs of any such institution, . . . shall be deemed guilty of a misdemeanor."

The 116th section of the Act of March 31, 1860, P. L. 382, had, prior to that time, declared that "if any person, being an officer, director or member of any bank, or other body corporate or public company, shall fraudulently take, convert or apply to his own use, or the use of any other person, any of the money or other property of such bank, body corporate or company, or belonging to any person or persons, corporation or association, and deposited therein, or in possession thereof, he shall be guilty of a misdemeanor."

To this section, the Act of June 12, 1878, § 2, P. L. 196, was passed as a supplement, so that the same might read: "If any person, being an officer, director, superintendent, manager, receiver, employee, agent, attorney, broker, or member of any bank or other body corporate, or public company, municipal or quasi-municipal corporation, shall fraudulently take, convert or apply to his own use, or the use of any other person, any of the money or other property of such bank, body corporate or company, municipal or quasi-municipal corporation, or belonging to any person or persons, corporation or association, and deposited therein, or in possession thereof, he shall be guilty of a misdemeanor."

The 118th section of the Act of 1860 reads: "If any director, manager, officer or member of any bank, or other body corporate or public company, shall, with intent to defraud, destroy, alter, mutilate or falsify any of the books, papers, writings or securities belonging to the bank, body corporate or public company, of which he is a director, manager, officer or member, or shall make or concur in the making of any false entry, or any material omission in any book of accounts or other document, he shall be guilty of a misdemeanor."

This was amended by section 3 of the Act of 1878, so as to read: "If any officer, director, superintendent, manager, receiver, employee, agent, attorney, broker, or member of any bank or other body corporate, or public company, municipal or quasi-municipal corporation, shall, with intent to defraud, destroy, alter, mutilate or falsify any of the books, papers, writings or securities belonging to the bank, body corporate or public company, municipal or quasi-municipal corporation, of which he is a director, officer, superintendent, manager, receiver, employee, agent, attorney, broker or member, or shall make or concur in the making of any false entry or any material omission in any book of accounts or other document, he shall be guilty of a misdemeanor."

Section 119 of the Act of 1860 reads: "If any director, manager, officer or member of any bank, or other body corporate or public company, shall make, circulate or publish, or concur in making, circulating or publishing any written or printed statement or account, which he shall know to be false in any particular, with intent to deceive or defraud any member, shareholder or creditor of such body corporate or public company, or with intent to induce any person to become a shareholder or partner therein, or to entrust or advance any money or property to such body corporate or public company, or to enter into any security for the benefit thereof, he shall be guilty of a misdemeanor."

This was also amended by section 4 of the Act of 1878, so as to read: "If any officer, director, superintendent, manager, receiver, employee, agent, attorney, broker, or member of any bank or other body corporate or public company, municipal or quasi-municipal corporation, shall make, circulate or publish, or concur in making, circulating or publishing, any written or printed statement or account, which he shall know to be false in any particular, with intent to deceive or defraud any member, shareholder or creditor of such body

Commonwealth v. Arntz.

corporate or public company, municipal or quasi-municipal corporation, or with intent to induce any person to become a shareholder or partner therein, or to interest or advance any money or propery to such body corporate or public company, or to enter into any security for the benefit thereof, shall be guilty of a misdemeanor."

The 6th section of the Act of 1878 stipulated "that indictments for misdemeanors committed by any officer, director, receiver, superintendent, manager, broker, attorney, agent, employee, or member of any bank, body corporate or public company, municipal or quasi-municipal corporation, may be commenced and prosecuted at any time within four years from the time the alleged offence shall have been committed."

If, then, the word "bank," as used in both or either of the above acts, means a body duly incorporated only, this prosecution must fail, for the indictments show upon their face that the Peoples Bank of Maytown is an unincorporated association and that more than two years had elapsed since the offences charged were committed. If, however, that word covers all banks, either incorporated companies or voluntary associations, the indictments must stand.

In Savings Bank v. The Collector, 70 U. S. 495, 512, Justice Clifford said: "Banks, in a commercial sense, are of three kinds: First, of deposit; second, of discount; third, of circulation. All or any two of these functions may be, and frequently are, exercised by the same institution, but there are still banks of deposit without authority to make discounts or issue a circulating medium." In Oulton v. German Savings and Loan Society, 84 U. S. 109, it is said: "Associations engaged in money transactions, whether incorporated or not, having a place of business where credits are opened by the deposit or collection of money or currency, subject to be paid out or remitted upon draft, check or order, or where money is advanced or loaned on stocks, bonds, bullion, bills of exchange or promissory notes, or where stocks, bonds, bullion, bills of exchange or promissory notes are received for discount or for sale, are regarded as banks." It was in this case held that the term "bank," as used in the Internal Revenue Act of 1864, § 110, taxing deposit banks, meant an association engaged in money transactions, whether incorporated or not. In some of the states this is especially provided by statute law. The Century Dictionary adds: "From the definitions and authorities quoted, it is quite apparent that to buy and sell commercial paper, to make and negotiate loans— that is, to discount commercial paper, to receive money to be transferred to and paid at other places, to buy and sell exchange upon other cities in this and foreign countries, to receive money on deposit, and to pay the same out upon checks or order—are each banking functions."

That the Act of 1909 covers the offence in these indictments cannot be disputed, for it especially includes "any private bank or unincorporated association receiving deposits of money." The indictments charge the defendant with being "the cashier and an employee of the Peoples Bank of Maytown, Pa., an unincorporated association, which received deposits of money." The Act of 1860, as amended by the Act of 1878, embraces officers or members of any bank or other body corporate or public company, municipal or quasi-municipal corporation. The 4th section of the Act of 1878 refers to "a shareholder or partner therein."

The proviso in the 77th section of the Act of March 31, 1860, P. L. 427, is "that indictments for misdemeanors committed by any officer of a bank, or other corporation, may be commenced and prosecuted at any time within six years from the time the alleged offence shall have been committed;" and the 6th section of the Act of 1878, "that indictments for misdemeanors committed

Commonwealth v. Arntz.

by any officer, director, receiver, superintendent, manager, broker, attorney, agent, employee or member of any bank, body corporate or public company, municipal or quasi-municipal corporation, may be commenced and prosecuted at any time within four years from the time the alleged offence shall have been committed." The extension of the limitation is for the protection of the public against the officers, employees or owners of banks, and I can find nothing that restricts the meaning of the word "bank" solely to those which have been incorporated. Certainly, the act of assembly does not say this in express words, and I can see no good reason why there should be such implication.

The cases cited by the learned counsel for the defendant do not, in my judgment, apply to the present one, and I am, therefore, constrained to deny the motions to quash the indictments. Motions denied.

From George Ross Eshleman, Lancaster, Pa.